UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DEBORAH O'KEEFE,
      Plaintiff,

- against -

ALLSTATE INSURANCE GROUP; Allstate Fire
and Casualty Insurance Company, Allstate Indemnity
Company, Allstate Insurance Company, Allstate
Property and Casualty Insurance Company, Allstate
Vehicle and Property Insurance Company, and
Allstate Insurance Company "Deluxe Homeowners
Policy",
      Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**AMENDED MEMORANDUM & ORDER**
13-CV-4599 (CBA) (JMA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2014 ★
BROOKLYN OFFICE

AMON, Chief United States District Judge.

  Plaintiff Deborah O'Keefe initiated this action on July 15, 2013. On August 15, 2013, Allstate filed a notice of removal pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). On January 10, 2014, O'Keefe moved to join Steven Schneider, the Allstate broker who allegedly sold O'Keefe her insurance policy, as a defendant. Because joining Schneider would destroy diversity, O'Keefe also moved to remand this action back to the New York Supreme Court. On January 13, 2014, this Court referred O'Keefe's motion to Magistrate Judge Joan Azrack for a Report and Recommendation ("R&R"). On July 7, 2014, Magistrate Judge Azrack issued an R&R.

  On July 21, 2014, defendants filed an objection to Magistrate Judge Azrack's R&R. The sole objection defendants raised was that the R&R incorrectly concluded that there would likely be substantial overlap between "the instant litigation and the [state] court litigation initiated against Mr. Schneider." In support of this claim, defendants rely on an affidavit from Schneider (the "Schneider affidavit"). Although O'Keefe explicitly argued that remand was appropriate

1

because of the substantial overlap between the instant litigation and her state court case, defendants failed to submit the Schneider affidavit to the magistrate judge. Defendants have provided no justification for this failure.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Merely referring the court to previously filed papers or arguments does not constitute an adequate objection" under the federal rules. Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) ("[T]o the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." (internal quotation marks and alterations omitted)). When an objecting party seeks to rely on evidence not previously presented to the magistrate judge, "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration" and it is within the "district court's discretion . . . to [refuse to] allow supplementation of the record." Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994)); Berbick v. Precinct 42, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) ("[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." (internal quotation marks omitted)). If specific objections are made, however,

"[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Defendants do not contend that Magistrate Judge Azrack erred on the record before her. Instead, defendants argue that additional facts contained in the Schneider affidavit, which were not presented to the magistrate judge, warrant rejecting her recommendation. This Court refuses to consider an affidavit that defendants failed to present to the magistrate judge and which they had every opportunity to provide. Excluding the Schneider affidavit, defendants' objection contains only a conclusory claim that the magistrate judge erred. Moreover, even if this Court considered the Schneider affidavit, defendants would fare no better as the affidavit is contradicted by O'Keefe's affidavits in support of her motion, thus raising issues of fact.

Because defendants' submission does not contain a specific objection to any portion of Magistrate Judge Azrack's R&R, the Court reviews the R&R for clear error. Finding no clear error, the Court hereby adopts the R&R in its entirety. In an abundance of caution, the Court has also conducted a de novo review of the record and motions and likewise adopts Magistrate Judge Azrack's recommendation under the more stringent standard.

For the reasons set forth above, this Court remands the case to the Supreme Court of New York, Richmond County, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is directed to transfer all filings on the docket to the Clerk of that court, and to close the case on the docket of this Court administratively.

SO ORDERED.

Dated: August 27, 2014
      Brooklyn, N.Y.

s/Carol Bagley Amon

_____
Carol Bagley Amon
Chief United States District Judge

3